IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NATIONAL LIABILITY & FIRE INSURANCE COMPANY                    **PLAINTIFF**

v.                                                                  CASE NO.: 1:24cv246 TBM-RPM

JAY FOSTER, P.L.L.C.;
JAMES RAY FOSTER, III; SHEILA FOSTER
DOROTHY J. ANDERSON; AND
DOROTHY ANDERSON                                                   **DEFENDANTS**

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff National Liability & Fire Insurance Company, by and through its counsel of record, brings this Complaint for Declaratory Judgment against Defendant Jay Foster, P.L.L.C. ("the Foster Firm"), James Ray Foster, III ("Mr. Foster"), and Shelia Foster (collectively referred to as "the Foster Defendants") and states and alleges as follows:

### **INTRODUCTION**

1.      This is an extraordinary case where the defendant lawyer, the Foster Defendants, are seeking insurance coverage for alleged legal malpractice but – based on its investigation and Mr. Foster's refusal to cooperate therein – the insurer is forced to conclude that Mr. Foster has not told the truth regarding who *was* and who *was not* his client.

2.      Mr. Foster settled a worker's compensation case for Dorothy Anderson of Greenwood ("Greenwood Dorothy") – a person whom he claims to have represented. However, Greenwood Dorothy provided a sworn affidavit and filed a Complaint stating that he **never represented her**. *See* Exhibit A; LeFlore County Circuit Court Complaint; *see also* Exhibit B; Jackson County Circuit Court Complaint at Ex. "B".

3.      Mr. Foster then provided that settlement check to Dorothy Anderson of Hattiesburg ("Hattiesburg Dorothy") – a person whom he claims to have *never* represented. However,

1

Hattiesburg Dorothy filed a Complaint alleging that he **actually did represent her**. Attached as exhibits to the Complaint are, in relevant part, two retention agreements and numerous email communication (spanning years) between Mr. Foster and Hattiesburg Dorothy.

4.      Moreover, the limited documents that Mr. Foster has provided his insurer *supports* the Dorothys' claims regarding their relationship with Mr. Foster.

5.      Shockingly, Mr. Foster then filed criminal charges against his client Hattiesburg Dorothy, alleging that she was not his client, and had impersonated Greenwood Dorothy in order to steal Greenwood Dorothy's settlement check. As a result, Hattiesburg Dorothy was arrested and jailed.

6.      Because of this, Hattiesburg Dorothy filed her Complaint against the Foster Defendants in the Jackson County Circuit Court, Cause No. 30CI1:24-cv-000117-CT. *See* Exhibit B; Jackson County Circuit Court Complaint. In relevant part, that complaint alleges malicious prosecution and other intentional torts.

7.      Similarly, Greenwood Dorothy originally sent correspondence threatening to file suit against the Foster Defendants for settling her worker's compensation claim when they were not retained to do so, and has now done so.  This action is pending in LeFlore County Circuit Court. *See* Exhibit A; LeFlore County Circuit Court Complaint.

8.      The Foster Firm has a legal liability insurance policy with National Liability & Fire Insurance Company, which Attorney Protective ("AttPro") administers. *See* Exhibit C; Foster Firm Insurance Policy Renewal Policy No. LP006862.

9.      As will be discussed in greater detail below, AttPro has concluded that Mr. Foster, in seeking insurance coverage for this debacle, made multiple misrepresentations to AttPro

regarding which of the two claimants he actually represented, *i.e.*, Greenwood Dorothy or Hattiesburg Dorothy.

10.     Mr. Foster told AttPro that Hattiesburg Dorothy was an "imposter" and was **not** his client – which has been shown to be untrue.

11.     Mr. Foster told AttPro that he represented Greenwood Dorothy in a worker's compensation claim – which has also been shown to be untrue.

12.     Upon information and belief, at some point in time, the Foster Defendants apparently logged into the Mississippi Workers Compensation Commission's ("MWCC") Attorney Transmittal Online System ("ATOS"), confused the two Dorothys, and undertook the representation of Greenwood Dorothy without any authorization, but believing her to be Hattiesburg Dorothy.   However, the Foster Defendants have not admitted this or otherwise explained the debacle besides insisting that Hattiesburg Dorothy is an imposter (while she claims to be a client) and Greenwood Dorothy is a firm client (which she denies).

13.     Further, Mr. Foster has refused to cooperate with AttPro's numerous attempts to investigate his various assertions about his representation, or lack thereof, of the two Dorothys.

14.     AttPro, in an attempt to clarify the question of who Mr. Foster actually represented, AttPro repeatedly asked Mr. Foster to provide specific itemized documents, including but not limited to:

    a.  his Firm's complete file for Greenwood Dorothy and/or Hattiesburg Dorothy;

    b.  his time entries for work performed for either Dorothy;

    c.  an email log capturing the communications between himself and Greenwood Dorothy and/or Hattiesburg Dorothy.

15.     To date, Mr. Foster has provided some email communications from Hattiesburg Dorothy (who he claims not to have represented). It is apparent that the provided emails do not

capture the entire universe inasmuch as they do not include certain emails that Hattiesburg Dorothy attached to her Complaint.

16.     Mr. Foster also provided Hattiesburg Dorothy's (who he claims not to have represented) medical records relevant to her workers' compensation claim.

17.     He has *not* provided any time entries, any file for Greenwood Dorothy, or any emails to or from Greenwood Dorothy.

18.     Accordingly, the limited documentation provided by Mr. Foster not only fails to refute the Dorothys' allegations, but it actually supports their version of events.

## **PARTIES**

19.     Plaintiff National Liability & Fire Insurance Company is incorporated in the state of Connecticut and has a principal place of business in the state of Nebraska.

20.     Defendant Jay Foster, P.L.L.C. is a Mississippi limited liability company that can be served with process by service upon its registered agent, Mr. Foster, at 1019 Legion Lane, Ocean Springs, Mississippi 39564.

21.     Defendant James R. Foster, II is an adult resident citizen and domiciliary of Jackson County, Mississippi and can be served with process by service wherever he may be found.

22.     Defendant Shelia Foster is an adult resident citizen and domiciliary of Jackson County, Mississippi and can be served with process by service wherever she may be found.

23.     Dorothy J. Anderson is an adult resident citizen and domiciliary of Lamar County, Mississippi and can be served with process by service wherever she may be found.

24.     Dorothy Anderson is an adult resident citizen and domiciliary of LeFlore County, Mississippi and can be served with process by service wherever she may be found.

## JURISDICTION AND VENUE

25.     This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57 seeking a declaratory judgment concerning AttPro's rights and duties under an insurance policy issued to Defendant. Specifically, AttPro requests a declaratory judgment that:

   a. Mr. Foster made material misrepresentations regarding the Foster Firm's representation, or lack thereof, of the two Dorthys – forfeiting coverage for Hattiesburg Dorothy's and Greenwood Dorothy's complaints pursuant to the Foster Firm's policy exclusions and conditions; and

   b. The Foster Defendants breached their duty to cooperate, forfeiting coverage for Hattiesburg Dorothy's and Greenwood Dorothy's complaints under the Foster Firm's policy exclusions and conditions.

   c. AttPro's denial of coverage was proper for Hattiesburg Dorothy's and Greenwood Dorothy's claims and that Foster Defendants must assume the payment of their current counsel and/or retain new counsel;

   d. Pursuant to the Foster Firm's policy exclusions, AttPro is not required to indemnify the Foster Defendants for their mishandling of funds, *i.e.*, improperly tendering payment of a settlement check to the incorrect person;

   e. Certain Counts in Hattiesburg Dorothy's Complaint do not involve allegations that the Foster Firm performed legal services for others that would trigger coverage and a duty to defend under the Foster Firm's policy, *i.e.*, counts premised on the allegation that "Defendants Jay and Shelia Foster sought to cover-up their own incompetence by making false and malicious statements to authorities within the Ocean Springs Police Department regarding their own client, Ms. Anderson";

26.     As shown above, an actual case and controversy under 28 U.S.C. §§ 2201 and 2202 exists between Plaintiff and Defendants within the jurisdiction of this Court.

27.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00 and there is complete diversity between Plaintiff and Defendants.

28.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as this is a judicial district and division in which the insured defendants reside and which a substantial part of the events or omissions giving rise to the claim occurred.

## BACKGROUND FACTS REGARDING THE FOSTER FIRM'S REPRESENTATION

29.     The Foster Firm handles workers' compensation cases, among other things.

30.     Upon information and belief, Mr. Foster is the Foster Firm's sole practitioner.

31.     As briefly discussed above, the facts of the instant Complaint for Declaratory Relief are convoluted and deal with Mr. Foster's so-called "representation" of two women of the same name, Dorothy Anderson. One Dorothy Anderson resides in Hattiesburg, Mississippi and the other resides in Greenwood, Mississippi. This Complaint for Declaratory Judgment will differentiate between the two by noting their city of residence before their name.

32.     In 2019 and again in 2020, Hattiesburg Dorothy injured her shoulder in two work-related incidents while working for Bedford Care in Hattiesburg, Mississippi. *See* Exhibit B; Jackson County Circuit Court Complaint at ¶¶ 19, 21.

33.     Hattiesburg Dorothy had previously employed the Foster Firm regarding a prior workers' compensation injury and decided to re-engage the Foster Firm to handle her newest workers' compensation claim. *See* Exhibit B; Jackson County Circuit Court Complaint.

34.     On October 13, 2020, Mr. Foster and Hattiesburg Dorothy entered into a retainer agreement wherein the Foster Firm agreed to represent Hattiesburg Dorothy regarding her workers' compensation claim. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "". Significantly, Mr. Foster subsequently represented to AttPro that he chose not to represent Hattiesburg Dorothy in September 2020, a representation belied by his Retainer Agreement.

35.     On October 16, 2020, Mr. Foster and Hattiesburg Dorothy entered into second retainer agreement wherein the Foster Firm agreed to represent Dorothy Anderson (Hattiesburg) regarding her workers' compensation claim. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "C".

36.     On October 19, 2020, Mr. Foster sent a letter to Hattiesburg Dorothy, to 200 Blue Gable Road, Apt. 410, Hattiesburg, MS 39401, welcoming her to the Foster Firm. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "D".

37.     Upon information and belief, at all relevant times, Hattiesburg Dorothy resided at 200 Blue Gable Road, Apt. 410, Hattiesburg, MS 39401 and her email address was andersondorothy40@yahoo.com.

38.     Thereafter, Mr. Foster communicated with Hattiesburg Dorothy regarding her workers' compensation claim including, but not limited to, the following:

a.  **October 19, 2020** – Mr. Foster sends a letter to Dorothy Anderson (Hattiesburg) at 200 Blue Gable Road, Apt. 410, Hattiesburg, MS 39401. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "E".

b.  **October 19, 2020** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com to inform her that he had already contacted the insurance company regarding her claim. *See Id.*

c.  **December 2, 2020** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com to schedule a phone appointment for December 5, 2020. *See Id.*

d.  **December 5, 2020** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com noting that she did not answer her phone appointment. *See id.*

e.  **January 16, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com requesting that she set up a phone appointment. *See id.*

f.  **February 22, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com requesting copies of her tax returns or W2s for

two years before her accident and the year off and two weeks of pay stubs before her accident. *See id.*

g. **April 16, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com requesting copies of her check stubs. *See id.*

h. **June 7, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com regarding the value of a worker's compensation check. *See id.*

i. **July 14, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com wishing her a happy birthday. *See id.*

j. **October 5, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com to inform her that the insurance company will request that she go to one of its doctors for an examination. *See id.*

k. **December 21, 2021** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com noting that he can arrange transportation to the doctor, physical therapist, etc. as long as it is related to her worker's compensation accident. *See id.*

l. **January 27, 2022** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com requesting a copy of a doctor's note as to work restrictions, impairment rating, and future medical care. *See id.*

m. **May 9, 2022** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com regarding the need for her medical records before setting her case for trial. *See id.*

n. **October 6, 2022** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com regarding a meeting in the Foster Firm's Ocean Springs Office on October 6, 2022. *See id.*

o. **November 10, 2022** – Mr. Foster emails Dorothy Anderson (Hattiesburg) at andersondorothy40@yahoo.com to schedule a November 15, 2022 office meeting in the Foster Firm's Ocean Springs Office. *See id.*

39. As stated previously, upon information and belief, AttPro believes that Mr. Foster signed into the MWCC's ATOS system, searched for "Dorothy Anderson", obtained the

information for Greenwood Dorothy (instead of his client, Hattiesburg Dorothy), and worked on Greenwood Dorothy's case in error as opposed to working on Hattiesburg Dorothy's case.

40.    Notably, on July 1, 2021, SouthernCare Hospice Services faxed Hattiesburg Dorothy's medical records to Mr. Foster. *See* Exhibit D; Fax Transmittal Form. The medical records state that Hattiesburg Dorothy injured her right shoulder on two different occasions while working as a CNA at Bedford Care. The medical records also state that Hattiesburg Dorothy can return to work without restrictions.

41.    On October 6, 2022 – fifteen months after Mr. Foster received a fax with Hattiesburg Dorothy's medical records – Hattiesburg Dorothy signs an "Application for Approval of Compromise Settlement" for Mississippi Workers' Compensation Commission Cause No. 2005528-R-6016-A, entitled *Dorothy Anderson (Claimant) versus America's Catch, Inc. (Employer) and Great American Alliance Insurance Company (Carrier)*. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "G".

42.    Notably, the October 6, 2022 signature corresponds with Mr. Foster's email to Hattiesburg Dorothy scheduling an October 6, 2022 office meeting.

43.    The Settlement Approval states that Claimant was a Line Leader for her employer, **America's Catch, Inc.**, and had injured her left shoulder, right shoulder, neck and body as a whole "when she was repetitively lifting and moving boxes and working overhead." *Id.* at 1. It also stated that Claimant had been examined and treated by Dr. Jay Culpepper and Greenwood Orthopedic Clinic; Dr. Sam Murrell at OrthoSouth; and Dr. Rahul Vohra at NewSouth Neurospine. *Id.* at 2.

44.    The facts as set forth in the Settlement Approval do not match the medical records or employment of Hattiesburg Dorothy.

45.     The Settlement Approval was for a sum of $25,000, with $18,500 to go to Claimant and $6,500 to go to the Foster Firm for services rendered. *See id.* at 3.

46.     On October 20, 2022, the Mississippi Workers' Compensation Commission signed an Order Authorizing Compromise Settlement for Cause No. 2005528-R-6016-A. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "H".

On November 15, 2022, Hattiesburg Dorothy signed a "Separation, Settlement and Indemnity Agreement, General release of All Claims and Covenant Not to Sue" ("Settlement Agreement") for the benefit of America's Catch, Inc. and Great American Alliance Insurance Company. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "I".

47.     Notably, the November 15, 2022 signature corresponds with Mr. Foster's email to Hattiesburg Dorothy scheduling a November 15, 2022 office meeting.

48.     As a part of the Settlement Agreement, Hattiesburg Dorothy agreed to "resign [her] employment" at America's Catch, Inc. *Id.* at 2. Of course, Hattiesburg Dorothy was not employed by America's Catch, Inc.

49.     Thereafter, Greenwood Dorothy attempted to go to work at America's Catch, Inc., where she had worked for over 27 years. Exhibit A; LeFlore County Circuit Court Complaint at ¶ 7. However, America's Catch, Inc. informed Greenwood Dorothy that she had "settled [her] workers compensation claim for $25,000 and that, as part of the settlement, [she] had agreed to quit working there." *Id.* at ¶ 7.

50.     America's Catch, Inc. informed Greenwood Dorothy that they had been working with her attorney, Mr. Foster. *Id.* at ¶ 8. Greenwood Dorothy informed America's Catch, Inc. that she "had never spoken with Mr. Foster or his office" and "had never agreed to be represented by

Mr. Foster, or any attorney at that point in time." *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "B", ¶ 9.

51.     Moreover, Greenwood Dorothy has provided a sworn affidavit that she has never been to the Mississippi Gulf Coast, had never met with anyone to sign any documents regarding her worker's compensation claim, and had never sent nor received an email from Mr. Foster. *Id.* at ¶ 14.

52.     America's Catch, Inc. provided Greenwood Dorothy with Mr. Foster's contact information, who, when reached, informed her that he was her attorney and had settled her claims for $25,000. *Id.* at ¶ 10. Greenwood Dorothy informed Mr. Foster that he did not represent her. *Id.*

53.     On December 1, 2022 Mr. Foster filed an incident report with the Ocean Springs Police Department detailing that Hattiesburg Dorothy had stolen $18,500. *See* Exhibit E; Police Report. As a result of this police report, Hattiesburg Dorothy was arrested, indicted, and jailed.[1]

54.     On December 12, 2022, the Foster Firm submitted an Incident Report to its insurer, AttPro, wherein it explained that Mr. Foster represented a client, Greenwood Dorothy, in a worker's compensation claim that he had settled with her employer. *See* Exhibit F; Incident Report.

55.     In the AttPro Incident Report, the Foster Firm represented that an "IMPOSTER Dorothy Anderson" signed the settlement papers and the Foster Firm gave the "IMPOSTER Dorothy Anderson" the "REAL Dorothy Anderson's" settlement money, *i.e.*, $18,500. *See* Exhibit F; Incident Report.

56.     Mr. Foster sought insurance coverage for the $25,000 loss.

---

[1] Ultimately, the District Attorney's office dismissed its prosecution for lack of evidence. *See* Exhibit B; Jackson County Circuit Court Complaint at Ex. "N.".

57. On January 10, 2023, Mr. Foster responded to AttPro's preliminary denial, noting that he was returning $25,000 to the "REAL Dorothy Anderson." *See* Exhibit G; Jan. 10, 2023 Correspondence from Mr. Foster to Gregory McClellon.

58. On February 8, 2023, AttPro provided Mr. Foster with a declination of insurance under Exclusions E.2.f., E.2.g., and E.2.l., stating in relevant part:

     a. "Exclusion E.2.f. excludes any 'bodily injury, pain and suffering,... or for the damage, destruction, diminution in value, or loss of any property or asset...' Here, the Claim arises from the loss of settlement funds through an error in disbursement of funds in your trust fund, and the fraudulent acts of the Imposter [Hattiesburg Dorothy]. Accordingly, because the Claim alleges the loss of settlement funds that was property and an asset of Ms. Anderson's [(Greenwood)], Exclusion E.2.f. applies."

     b. "Exclusion E.2.g. excludes any **claim** arising from an '**Insured's**... defalcation or ethically improper use of or disposal of funds or other property, whether held on behalf of clients or third parties...' The Claim arises from your wrongful defalcation, transfer or disposal of Ms. Anderson's [(Greenwood)] settlement proceeds to the Imposter [Hattiesburg Dorothy]. Thus, because the Claim arises from allegations of defalcation or ethically improper use of funds or other property, Exclusion E.2.g. applies."

     c. "Exclusion E.2.l excludes any 'improper transfer or disbursement... failure to retain, failure to give an account of, loss, destruction, or diminution in the value, of any asset in **your** care, custody, or control, including but not limited to any assets held in trust or account on behalf of **you**, **your** clients, or any third-party.' The Claim arise from your wrongful defalcation, transfer or disposal of Ms. Anderson's [(Greenwood)] settlement proceeds held in your trust account to the Imposter [Hattiesburg Dorothy]. Accordingly, because the Claim arises from allegations of an improper transfer of an asset under **your** control held in a trust account, Exclusion E.2.l. applies."

59. On August 22, 2023, Greenwood Dorothy, by and through her counsel, Scot Spragins, sent a letter to Mr. Foster regarding a potential claim against Foster Defendants. *See* Exhibit H; Aug. 22, 2023 Letter from Scot Spragins to Mr. Foster. In relevant part, Scot Spragin's letter on behalf of Dorothy Anderson (Greenwood) states:

     We believe, at least, that you failed to act in a manner consistent with that expected of a Mississippi lawyer. You clearly should have recognized early

on that you had the wrong Dorothy Anderson. The type of injury, her address and the name of her employer were all known to you and you should have appreciated that she was not the Dorothy Anderson who you represented in the past. After you were confronted, you did not take steps to remedy anything and, in fact, **tried to cover them up**.

*Id.* (emphasis added).

60.    On September 28, 2023, Mr. Foster, by and through counsel Wilton V. Byars, III ("Trey Byars"), requested that AttPro defend and indemnify Mr. Foster regarding Greenwood Dorothy's August 22, 2023 threat of litigation.

61.    On January 31, 2024, Hattiesburg Dorothy filed her Complaint against the Foster Defendants in the Circuit Court of Jackson County. That same day, Dorothy J. Anderson filed her First Amended Complaint. *See* Exhibit B; Jackson County Circuit Court Complaint .

62.    On February 23, 2024, the Foster Firm requested that AttPro defend Mr. Foster in relation to Greenwood Dorothy's threatened litigation and Hattiesburg Dorothy's filed Complaint. *See* Exhibit I; Request for Defense.

63.    On March 5, 2024, the Mississippi Bar notified Mr. Foster that it had received a Bar complaint filed by Hattiesburg Dorothy and that his response thereto was due on or before April 5, 2024. *See* Exhibit J; Notice of Bar Complaint.

64.    On March 13, 2024, Mr. Foster informed AttPro that he did not want to submit the bar complaint for coverage. *See* Exhibit K; March 13, 2024 Email from Mr. Foster to Chris Fagan. In light of the other apparent misrepresentations discussed herein, AttPro is legitimately concerned that Mr. Foster does not want AttPro to be privy to the information in the bar complaint.

65.    On April 5, 2024, AttPro agreed to provide a defense to Hattiesburg Dorothy's Complaint under a reservation of rights, stating, in relevant part:

Significant to the Claim, the Related Claim, and the Alleged Related Potential Claim (discussed below) is that Mr. Foster's Incident Report

implies that he actually represented the "REAL Dorothy Anderson [of Greenwood]" but did <u>not</u> represent the "IMPOSTER Dorothy [J.] Anderson." However, Dorothy Anderson of Greenwood's affidavit attached to Dorothy J. Anderson's Complaint, along with the Complaint itself, allege just the opposite is true. Should those allegations be proven true, and Mr. Foster's Incident Report to AttPro false, other Conditions of the Policy may bar coverage.

…

To the extent Mr. Foster, himself and through is agent, has provided AttPro incomplete or inaccurate information or misrepresented material facts, including but not limited to whether Dorothy J. Anderson [(Hattiesburg)] is/was his client, whether Dorothy Anderson of Greenwood is/was his client, and whether  he performed Legal services on their behalf, AttPro reserves all rights to decline coverage and/or rescind the Policy. In this regard, <u>AttPro specifically requests that Mr. Foster immediately provide complete copies of his firm's files for both Dorothy J. Anderson [(Hattiesburg)] and Dorothy Anderson of Greenwood.</u>

Exhibit L; Apr. 5, 2024 Letter from Rusty Comley to Wilton V. Byars, III.

66.     As explained in the April 5, 2024 letter, pursuant to the insurance policy, AttPro reserves the right to rescind the policy or any coverage therein, for any misrepresentation of any material fact:

**We** reserve all rights permitted by law, including but not limited to the right to rescind this Policy or any coverage provided herein, for any misrepresentation of any material fact by **you** or **your** agent, whether in the Application or otherwise. **We** also reserve the right, in **our** sole discretion, to decline coverage for any **claim** or **disciplinary proceeding** arising from, in connection with, or related to, any such misrepresented material fact.

Exhibit C; Foster Firm Insurance Policy Renewal Policy No. LP006862.  There is arguably no more material fact to coverage under a legal malpractice policy than whether an actual attorney client relationship existed.

67.     Moreover, in that April 5, 2024 letter, AttPro informed Mr. Foster that there may be no coverage for some or all of the counts alleged in Hattiesburg Dorothy's Complaint. *See* Exhibit L; Apr. 5, 2024 Letter from Rusty Comley to Wilton V. Byars, III.

68.     Specifically, all claims premised on the allegation that "Defendants Jay and Shelia Foster sought to cover-up their own incompetence by making false and malicious statements to authorities within the Ocean Springs Police Department regarding their own client, Ms. Anderson" are not covered "wrongful acts" done "in the performance of **legal services** for others by [the **Insured**]" – including:

    *a.*   Count III - Negligent Infliction of Emotional Distress;

    *b.*   Count IV – Conspiracy;

    *c.*   Count V - Malicious Prosecution;

    *d.*   Count VI – Intentional Infliction of Emotional Distress; and

    *e.*   Count VII – Civil Fraud;

69.     Additionally, the Policy does not apply to cover "[a]ny act committed with the knowledge that the act would violate the rights of another and would inflict **personal injury**." Exhibit C; Foster Firm Insurance Policy Renewal Policy No. LP006862 at ¶ E(1)(e).

70.     In this case, Mr. Foster wrote a criminal complaint against his client – Hattiesburg Dorothy – misrepresenting that she was an "imposter" non-client and had stolen money that he had given her. Mr. Foster did this with the knowledge that she was, in fact, his client. All the while, he misrepresented her client status to AttPro.

71.     Mr. Foster's criminal complaint resulted in Hattiesburg Dorothy's false arrest.

72.     As such, AttPro requested confirmation that Mr. Foster had put any other insurance carrier on notice of Hattiesburg Dorothy's Complaint and the then Alleged Related Potential Claim by Dorothy Anderson (Greenwood) and provide the contact information for all other insurance carriers on notice pursuant to the following policy provisions:

> The insurance provided for in this Policy shall be in excess over all over valid and collectible insurance, whether such insurance is stated to be

primary, contributory, excess, umbrella, contingent or otherwise. In no event shall **we** be responsible under this Policy for a greater proportion of such **damages** and **claim expenses** than the Limit of Liability under this Policy for a greater proportion of such **damages** and **claim expenses** than the Limit of Liability under this Policy bears to the total limits of liability under all applicable insurance issued by all companies unless such other insurance is specifically purchased to apply in excess of the Limits of Liability of this Policy.

Exhibit C; Foster Firm Insurance Policy Renewal Policy No. LP006862 at ¶ F(9).

73.     On April 26, 2024, AttPro sent a follow-up request that Mr. Foster provide "(1) copies of the firm's/Mr. Foster's files for both Dorothy J. Anderson and Dorothy Anderson of Greenwood; and, (2) contact information for other insurance carriers notified of the underlying claim(s)." Exhibit M; April 2024 Email Chain between Rusty Comley and Trey Byars.

74.     On April 29, 2024, Mr. Foster's counsel, Trey Byars, informed AttPro's counsel that he was "meeting with Mr. Foster this week and will get you an answer to those questions." *Id.*

75.     On May 20, 2024, Trey Byars informed AttPro that: "We have advised Mr. Foster that we can no longer represent him. The letter advising him of that fact went to him today. Please direct any correspondence directly to Mr. Foster."  Exhibit N; May 20, 2024 Email from Trey Byars to Rusty Comley.

76.     Accordingly, on May 20, 2024, AttPro sent its second follow-up correspondence directly to Mr. Foster, noting that he had not provided any information regarding other insurance carriers and requesting the following documents regarding his representation of Hattiesburg Dorothy and Greenwood Dorothy:

> With respect to the documents provided via Mr. Hodges, it appears you may have provided *only* some records with respect to Dorothy J. Anderson. You have not provided any of the requested documents on Dorothy Anderson of Greenwood. With respect to Dorothy J. Anderson, and the "Capture Emails" log representing the transmission of the two form emails to her at the email address andersondorothy40@yahoo.com, AttPro has the follow-up questions and requests for cooperation below:
>
> > (1) Please provide all calendar and docket control entries for Dorothy J. Anderson.
> >
> > (2) Please provide all calendar and docket control entries for Dorothy Anderson of Greenwood.
> >
> > (3) Please provide all time entries related to Dorothy J. Anderson.
> >
> > (4) Please provide all time entries related to Dorothy Anderson of Greenwood.
> >
> > (5) Does the "Capture Emails" Log provided represent every email sent by the firm to andersondorothy40@yahoo.com? If not, please provide a complete log of all emails to this email address.
> >
> > (6) Please provide a "Capture Emails" log of all emails sent to Dorothy Anderson of Greenwood, as well as copies of those emails.
> >
> > (7) Why did the firm receive and retain medical records for Dorothy J. Anderson on July 1, 2021 after declining her representation in September of 2020?
>
> Thank you in advance for your cooperation.

Exhibit O; May 20, 2024 Email from Trey Byars to Rusty Comley.

77.     On July 1, 2024, Mr. Foster faxed AttPro and requested that it settle the Hattiesburg Dorothy case within policy limits. *See* Exhibit P; Jul. 1, 2024 Fax from Mr. Foster to AttPro.

78.     On July 1, 2024, Mr. Foster faxed AttPro and requested that it settle the Greenwood Dorothy case within policy limits. *See* Exhibit P; Jul. 1, 2024 Fax from Mr. Foster to AttPro. In that same fax, Mr. Foster states "I would greatly appreciate you settling these cases as quickly as possible within the policy limits so that I am not exposed to an excess verdict. It is obviously important to me to avoid an excess judgment that could expose my personal assets." *Id.*

79.     Further, in that July 1, 2024 fax, Mr. Foster states that his Motion to Withdraw from representing Greenwood Dorothy and the Mississippi Workers' Compensation Commission's Order granting the same was proof that he represented Dorothy Anderson (Greenwood). Again,

this is directly contradicted by Greenwood Dorothy's sworn affidavit in which she states that Mr. Foster never represented her.

80.    On July 4 and July 5 of 2024, Mr. Foster faxed AttPro regarding the claims for both Hattiesburg Dorothy Anderson and Greenwood Dorothy. *See* Exhibit Q; Jul. 4 & Jul. 5, 2024 Fax from Mr. Foster to AttPro. Mr. Foster asks again to settle both claims within policy limits, *i.e.*, $500,000.

81.    On July 11, 2024, Greenwood Dorothy filed suit against Mr. Foster and the Foster Firm in the Circuit Court of LeFlore County Mississippi, cause number 24-0051CICI. *See* Exhibit A; LeFlore County Circuit Court Complaint.

82.    In her Complaint, Greenwood Dorothy asserts that Mr. Foster never represented her, but settled her worker's compensation claim on her behalf. *See id.* at ¶ 9.[2] Because of the terms of the settlement agreement, to which she did not agree (or even know about), Greenwood Dorothy was not allowed to return to work for "several weeks and months" although "she was in desperate need of income." *Id.* at ¶ 10. Dorothy Greenwood also asserts that, when she confronted Mr. Foster, he "told [Greenwood Dorothy] that she was lying and that she had signed the settlement paperwork." *Id.* at ¶ 11. Moreover, "Attorney Foster made no effort to resolve his misunderstanding and [Greenwood Dorothy] remained unemployed." *Id.* at ¶ 12. As a result, Greenwood Dorothy was required to retain counsel in an attempt to resolve her dispute with her employer, America's Catch. *Id.*

83.    Had Mr. Foster been truthful about who he represented, the negligence claims in Greenwood Dorothy's Complaint may have been covered by the Foster Firm's insurance policy. However, as shown by Hattiesburg Dorothy's and Greenwood Dorothy's complaints, Mr. Foster

---

[2] AttPro would note for the Court's benefit that Greenwood Dorothy's Complaint is misnumbered, making certain paragraphs fall out of order.

has continued to make material misrepresentations to AttPro regarding his actual client, Hattiesburg Dorothy, whom he claims to be an Imposter, and his non-client, Greenwood Dorothy, whom he never represented but improperly settled her case and lied about it.

84.     On July 19, 2024, AttPro sent Mr. Foster its third follow-up request for documents and stated that he had seven (7) days in which to respond and provide the requested documents and answers. *See* Exhibit R; Jul. 19, 2024 Letter from AttPro to Mr. Foster.

85.     On July 26, 2024, Mr. Foster responded to AttPro, but ***did not provide the requested documents and/or answers***. Instead, Mr. Foster stated, in relevant part:

> Re: Dorothy of Greenwood and Dorothy of Hattiesburg
>
> Dear Jim,
>
> I get a lot of emails every day. Please do not email my law office email as my automatic email reply indicated. In any event, please note that prior to your email, I had already spoken to Rusty Comley and he refused to communicate with me regarding these cases. In fact, as I advised Chris Fagan with your office, Rusty told me that he would only communicate with *Moeller* counsel. I have attempted to get Moeller Counsel and as soon as this gets done, I will have them contact your office and Rusty Comley. Thank you very much.

Exhibit S; Jul. 26, 2024 Letter from Mr. Foster to AttPro.

86.     On August 12, 2024, AttPro responded to the above letter and issued a denial of coverage letter as to both Greenwood Dorothy's and Hattiesburg Dorothy's claims. *See* Exhibit T; Denial Letter.

87.     The Foster Defendants have refused to cooperate as required by their insurance policy, which states:

> **You** agree to cooperate with **us** and assist **us** in the investigation, defense and settlement of any and all **claims, potential claims** and requests for Supplementary Payments, including but not limited to, promptly providing complete and accurate information which **we** may reasonably require, attending any deposition, hearing or trial as requested by **us**, assisting in

securing and giving testimony, obtaining the attendance of witnesses, and doing nothing to prejudice **our** ability to investigation, defend or settle any **claim** or **disciplinary proceeding** to which this Policy applies…

Exhibit C; Foster Firm Insurance Policy Renewal Policy No. LP006862.

88.     Moreover, as a condition, the insurance Policy requires the Foster Defendants to provide "[a]ll reasonably obtainable information relating to the time, place and circumstance of the **wrongful act**[.]" *Id.*

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff National Liability & Fire Insurance Company respectfully requests:

1.     a judicial declaration that Mr. Foster made material misrepresentations regarding the Foster Firm's representation, or lack thereof, of Hattiesburg Dorothy and Greenwood Dorothy, giving National Liability & Fire Insurance Company cause under the Policy to deny coverage for any claims of legal malpractice arising out of legal services performed on behalf of either claimant, including but not limited to Hattiesburg Dorothy's Complaint and Greenwood Dorothy's Complaint;

2.     a judicial declaration that the Foster Defendants breached their duty to cooperate, forfeiting coverage for Hattiesburg Dorothy's and Greenwood Dorothy's complaints under the Foster Firm's policy exclusions;

3.     a judicial declaration that National Liability & Fire Insurance Company's denial of coverage was proper and that Foster Defendants must assume the payment of their current counsel and/or retain new counsel;

4.     a judicial declaration pursuant to the Foster Firm's policy exclusions, AttPro first denial of coverage was proper because AttPro is not required to indemnify the Foster Defendants

for their mishandling of funds, *i.e.*, improperly tendering payment of a Greenwood Dorothy's settlement check to the incorrect person, Hattiesburg Dorothy;

5.      a judicial declaration that the claims in Hattiesburg Dorothy's Complaint premised on the allegation that "Defendants Jay and Shelia Foster sought to cover-up their own incompetence by making false and malicious statements to authorities within the Ocean Springs Police Department regarding their own client, Ms. Anderson" are not covered "**wrongful acts**" done "in the performance of **legal services** for others by [**the insured**]";

6.      that National Liability & Fire Insurance Company be granted such other further relief to which it may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Respectfully submitted, this the 12th day of August, 2024.

<div style="margin-left: 40%;">

National Liability & Fire Insurance Company

By: _____

H. Rusty Comley (MSB # 102307)
Sidney E. Lampton (MSB # 105957)
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 3000
Post Office Box 650
Jackson, MS 39205-0650
TEL: (601) 965-1900
FAX: (601) 965-1901
rcomley@watkinseager.com
slampton@watkinseager.com

*Attorneys for Plaintiff*

</div>