IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**         **PLAINTIFF**

**v.**         **CASE NO.: 1:24-CV-246 TBM-RPM**

**JAY FOSTER, P.L.L.C.,** *ET AL.*         **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW, Defendant, DOROTHY J. ANDERSON (hereinafter "Hattiesburg Anderson"), and submits this *Answer and Affirmative Defenses to Complaint for Declaratory Judgment* filed by Plaintiff, NATIONAL LIABILITY AND FIRE INSURANCE COMPANY:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over this case.

**THIRD AFFIRMATIVE DEFENSE**

To the extent applicable, Defendant Hattiesburg Anderson pleads estoppel, both equitable and judicial, as well as the defenses of collateral estoppel, res judicata, waiver, laches, and privilege.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Hattiesburg Anderson reserves all available defenses under Federal Rule of Civil Procedure 8(c).

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Hattiesburg Anderson has acted in good faith at all times and Plaintiff's own

actions, or the actions of other third parties for whom Defendant Anderson is not responsible, were the proximate and/or superseding cause of any damages Plaintiff may have sustained. Defendant Hattiesburg Anderson invokes all applicable principles of contribution.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Hattiesburg Anderson pleads all applicable statutes of limitations.

## ANSWER

## COMPLAINT FOR DECLARATORY JUDGMENT

The allegations in the first, unnumbered paragraph of the Complaint beginning with "Plaintiff National Liability…" do not require a response from Defendant Hattiesburg Anderson, as they appear to be directed toward other parties. Should said allegations be construed as requiring a response, Defendant Hattiesburg Anderson deny any allegations contained in the first, unnumbered paragraph.

## INTRODUCTION

1. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 1 for lack of sufficient information.

2. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 2.

3. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 3.

4. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 4 for lack of sufficient information.

5. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 5.

6. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 6.

7. Defendant Hattiesburg Anderson denies the allegations contained in Paragraphs 7-

11 for lack of sufficient information.

8. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations in Paragraph 12 that the Foster Defendants logged into the Mississippi Workers Compensation Commission's web portal and undertook representation of Greenwood Dorothy without authorization, but believing her to be Hattiesburg Anderson. The remaining allegations contained in Paragraph 12 are denied for lack of sufficient information.

9. Defendant Hattiesburg Anderson denies the allegations contained in Paragraphs 13-18 for lack of sufficient information.

## PARTIES

10. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 19 for lack of sufficient information.

11. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations contained in Paragraphs 20-24.

## JURISDICTION AND VENUE

12. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 25 and all allegations contained in subparts a-e.

13. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 26.

14. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 27.

15. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 28.

## BACKGROUND FACTS REGARDING THE FOSTER FIRM'S REPRESENTATION

16. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 29.

17. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 30

for lack of sufficient information.

18. To the extent that Paragraph 31 requires an answer, Defendant Hattiesburg Anderson admits that she was "represented" by Mr. Foster but that he wholly failed to act on her behalf and allowed the statute of limitations to expire on her worker's compensation claim. The other allegations contained in Paragraph 31 are denied for lack of sufficient information.

19. Defendant Hattiesburg Anderson admits the allegations contained in Paragraphs 32-38.

20. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 39.

21. Defendant Hattiesburg Anderson denies the allegations contained in Paragraph 40 for lack of sufficient information.

22. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 41-48.

23. Based upon information and belief, Defendant Hattiesburg Anderson admits the allegations contained in Paragraphs 49-53.

24. Defendant Hattiesburg Anderson denies the allegations contained in Paragraphs 54-60 for lack of sufficient information.

25. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 61.

26. Defendant Hattiesburg Anderson denies the allegations contained in Paragraphs 62-69 for lack of sufficient information.

27. Defendant Hattiesburg Anderson admits that Mr. Foster wrote a criminal complaint against his client – Hattiesburg Anderson (Defendant Hattiesburg Anderson) - while misrepresenting that she was an "imposter" who had stolen money, all while knowing full-well

that Defendant Hattiesburg Anderson was indeed his client. Defendant Hattiesburg Anderson denies that Mr. Foster misrepresented Defendant Hattiesburg Anderson's client status to AttPro for lack of sufficient information.

28. Defendant Hattiesburg Anderson admits the allegations contained in Paragraph 71.

29. Defendant Hattiesburg Anderson denies the allegations contained in Paragraphs 72-88 for lack of sufficient information.

30. Defendant Hattiesburg Anderson denies the allegations contained in the last unnumbered paragraph of the Complaint, beginning with "**WHEREFORE, PREMISES CONSIDERED,**" including the allegations in subparts (1) through (6), and reiterate that Plaintiff is not entitled to the relief it is requesting. Defendant Hattiesburg Anderson does not dispute many of the allegations contained in the Complaint but believes that insurance coverage is available to Defendants, Jay Foster and/or Jay Foster, PLLC, under the policy which is at issue in this litigation. As a third-party beneficiary of that policy of insurance, Defendant Hattiesburg Anderson is entitled to any proceeds which may be available to her due to any legal malpractice committed by her then-attorney and co-Defendant, Jay Foster. Defendant Hattiesburg Anderson was the victim of legal malpractice committed by Defendants Jay Foster and/or Jay Foster, PLLC and believes in good-faith that the policy which Mr. Foster acquired, and which was then-existing at the time of Defendant Hattiesburg Anderson's damages, should provide coverage for the claims asserted in her Complaint filed against Defendants Jay Foster, Jay Foster, PLLC and Sheila Foster.[1]

THIS, the 30th day of December, 2024.

Respectfully Submitted,

**DOROTHY J. ANDERSON,** *Defendant*

---

[1] Defendant Hattiesburg Anderson filed her case against Jay Foster, Jay Foster, PLLC, and Sheila Foster in the Circuit Court of Jackson County on January 31, 2024 and a true and correct copy of said Complaint was attached as "Exhibit B" to Plaintiff's *Complaint for Declaratory Judgment*.

BY:     ***/s/ Ronald V. Johnson, IV*** 
           Ronald V. Johnson, IV (MSB# 105950)
           John M. Deakle (MSB# 6003)
           DEAKLE-JOHNSON LAW FIRM, PLLC
           802 N. Main Street
           P.O. Box 2072 (39403)
           Hattiesburg, MS 39401
           Telephone: (601) 544-0631
           Facsimile: (601) 544-0666
           rvjohnson@djlawms.com
           jmdeakle@djlawms.com
           *Attorneys for Defendant Dorothy J. Anderson*

## CERTIFICATE OF SERVICE

I, Ronald V. Johnson, IV, do hereby certify that I electronically filed the above and foregoing paper or pleading with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

SO CERTIFIED, the 30th day of December, 2024.

                                                 ***/s/ Ronald V. Johnson, IV***
                                                 Ronald V. Johnson, IV